```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
SCHOEN M. LABOMBARD,                                             :
                                                                 :
                                Plaintiff,                       :
                                                                 :         22-cv-2196 (LJL)
        -v-                                                      :
                                                                 :         MEMORANDUM AND
BRIAN HARRELL, et al.,                                           :              ORDER
                                                                 :
                                Defendants.                      :
                                                                 :
-----------------------------------------------------------------X
```

LEWIS J. LIMAN, United States District Judge:

    Plaintiff Schoen M. Labombard ("Plaintiff"), a prisoner detained by the Federal Bureau of Prisons, moves for appointment of counsel. Plaintiff's motion is based on a form document. The form asks the movant to identify the attorneys he or she has contacted in the effort to obtain counsel and to identify the reasons he or she believes counsel should be appointed. Plaintiff leaves blank the answer to the first question, but, in response to the second question, Plaintiff states: "I've tried many times from prison to get an attorney but its very hard to reach anyone. I'm running out of time on this serious matter." Dkt. No. 4.

    The Court has authority to request an attorney to represent a person who is unable to afford counsel. The relevant factors are set forth in *Hodge v. Police Officers*, 802 F.2d 58, 60–62 (2d Cir. 1986), *cert. denied*, 502 U.S. 986 (1991). The Court considers (1) whether plaintiff's position "seems likely to be of substance"; (2) whether the issues presented "might require substantial factual investigation" and "the indigent's ability to investigate the crucial facts"; (3) "the plaintiff's apparent ability to present the case" and "whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder"; (4) whether the "case's factual issues turn on credibility"; (5) whether the legal issues presented

are complex; and (6) "any special reason . . . why appointment of counsel would be more likely to lead to a just determination." *Id.* at 60–62.

      Plaintiff bring his complaint against Corrections Officer Brian Harrell of the New York City Department of Corrections as well as against the New York City and the Warden of the Metropolitan Correctional Center. Dkt. No. 2. The complaint contains serious allegations. Plaintiff claims that he was subject to multiple constitutional violations by Defendant Harrell while detained.[1] He alleges that on multiple occasions beginning in September 2018 and continuing until July 2019, Harrell assaulted him in the kitchen garbage area by burning Plaintiff's left arm with a cigarette, and thereby inflicting serious harm on him. As a result, Plaintiff required medical attention and pain medication and the wounds from the burns caused infections that were documented by the medical staff. Plaintiff also suffered trauma and mental health issues as a result.

      The case is at its very earliest stages. The complaint was filed in March 2022, Dkt No. 2, Plaintiff signed the prisoner authorization acknowledging that he is required by statute to pay the

---

[1] Plaintiff frames his complaint as a claim for violation of his Eighth Amendment rights. Dkt. No. 2. However, it is unclear whether at the time of the alleged assault he had been convicted of a crime and was being detained based on that conviction and thus whether his claim arises under the Eighth Amendment or the Fifth Amendment. *See Cuoco v. Moritsugu*, 222 F.3d 99, 106 (2d Cir. 2000) ("Because as a pre-trial detainee [the plaintiff] was not being 'punished,' the 'cruel and unusual punishment' proscription of the Eighth Amendment to the Constitution does not apply. The district court correctly concluded that [the plaintiff's] claims arise under the Due Process Clause of the Fifth Amendment instead."); *see also Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017) ("A pretrial detainee's claims of unconstitutional conditions of confinement are governed by the Due Process Clause . . . , rather than the Cruel and Unusual Punishments Clause of the Eighth Amendment . . . because pretrial detainees have not been convicted of a crime and thus may not be punished in any manner—neither cruelly and unusually nor otherwise."). The Court construes the pro se complaint liberally to allege violations under both constitutional Amendments. *See, e.g.*, *Kouakou v. Fideliscare New York*, 920 F. Supp. 2d 391, 397 ("Where a plaintiff proceeds *pro se*, a court must liberally construe the complaint and 'interpret it to raise the strongest arguments that it suggests.'" (alteration adopted) (quoting *Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995)).

full filing fees for the case in May 2022, Dkt. No. 8, and the order of service issued only on June 24, 2022, Dkt. No. 13. Defendants have not yet responded either by an answer or motion. It is not yet known what issues are in dispute or legal issues might be raised by the parties. As a result, the Court is unable to make a *Hodge* finding in favor of Plaintiff at this time. *See Eichie v. Kuakazi*, 2022 WL 1517242, at *1 (S.D.N.Y. Apr. 27, 2022). The motion is accordingly denied without prejudice to it being renewed after Defendants have responded to the complaint.

## CONCLUSION

The motion to file the second amended complaint at Dkt. No. 4 is DENIED without prejudice. The Clerk of Court is respectfully requested to close the motion.

SO ORDERED.

Dated: July 22, 2022
New York, New York

LEWIS J. LIMAN
United States District Judge