```
UNITED STATES DISTRICT COURT                    USDC SDNY
SOUTHERN DISTRICT OF NEW YORK                   DOCUMENT
---------------------------------------------X  ELECTRONICALLY FILED
                                              : DOC #:_____
SCHOEN M. LABOMBARD,                          : DATE FILED: 01/18/2023
                                              :
                Plaintiff,                    :
                                              :    22-cv-02196 (LJL)
        -v-                                   :
                                              :       ORDER
CITY OF NEW YORK et al.,                      :
                                              :
                Defendants.                   :
                                              :
---------------------------------------------X
```

LEWIS J. LIMAN, United States District Judge:

The Court received a renewed request for appointment of pro bono counsel from the Plaintiff in this case dated December 15, 2022. In that request, Plaintiff, who is currently incarcerated at Altona Correctional Facility, states that "[t]he burden of pro se at this time is overwhelming and would do injustice to my case to continue on my own." Plaintiff previously filed a motion for appointment of pro bono counsel on March 16, 2022 (at the same time that he filed his complaint). Dkt. No. 4. The Court denied the request without prejudice to it being renewed after Defendants have responded to the complaint. Dkt. No. 15 at 2. Since then, Defendant City of New York responded to the complaint by filing a motion to dismiss. Dkt. No. 26. The other two Defendants in the complaint have not yet been served, although the Court issued a *Valentin* order on January 18, 2022 ordering the City of New York to assist Plaintiff in obtaining the contact information for these Defendants so that service may be completed.

As background, the present action involves claims by Plaintiff against Corrections Officer Brian Harrell of the New York City Department of Corrections as well as against the City of New York and the Warden of the Metropolitan Correctional Center ("MCC"). Dkt. No. 2. The allegations are serious. Plaintiff claims that he was subject to multiple constitutional violations by Defendant Harrell while detained. He alleges that on multiple occasions beginning in September 2018 and continuing until July 2019, Harrell assaulted him in the kitchen garbage area by burning Plaintiff's left arm with a cigarette, and thereby inflicting serious harm on him. As a result, Plaintiff required medical attention and pain medication and the wounds from the burns caused infections that were documented by the medical staff. Plaintiff also suffered trauma and mental health issues as a result.

The Court held an initial conference in the matter on January 18, 2023. During the conference, Defendant expanded on his allegations as well as the evidence that exists of his claims. He noted that he still has wounds on his arms from the burns, that pictures were taken of these wounds, and that he has notes from the Corrections Officer. He also stated that he told a senior official at MCC about the issue and that the New York City Department of Investigations

looked into his allegations. He noted that the issue was "brought to the attention of every person I could speak to at the time." Yet, despite these complaints, Plaintiff alleges that he was kept in the same facility and subjected to the same abuse by Corrections Officer Harrell. Defendant also discussed his request for counsel at the conference. He stated that he has limited understanding of the law and is in a very small facility without any legal aids.

For the reasons that follow, Plaintiff's request for appointment of counsel is GRANTED.

The courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike criminal cases, in civil cases there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to seek pro bono representation for a civil litigant. *Id.* Even if a court does believe that a litigant should have a free lawyer, it has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301-10 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore request the services of pro bono counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Hodge*, the Circuit set forth the factors a court should consider in deciding whether to grant a litigant's request for pro bono counsel. 802 F.2d at 61–62. Of course, the litigant must first demonstrate that he or she is indigent, for example, by successfully applying for leave to proceed in forma pauperis. The court must then consider whether the litigant's claim "seems likely to be of substance"—"a requirement that must be taken seriously." *Id.* at 60–61. If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.*; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel). In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. *See Hendricks v. Coughlin*, 114 F.3d 390, 392–93 (2d Cir. 1997). Rather, each application must be decided on its own facts. *See Hodge*, 802 F.2d at 61.

Plaintiff has met these factors. The Court previously granted Plaintiff's in forma pauperis request to proceed in his prisoner case, demonstrating that he is indigent. Dkt. No. 9. Plaintiff's description of the allegations both in his complaint and at the initial pretrial conference—including that he suffered serious harm over a nearly one-year long period, reported that harm to senior officials at MCC, and nothing was done about it—seem "likely to be of" some "substance," at least at this stage of the proceedings. *Hodge*, 802 F.2d at 61. Proving such allegations will, however, be complex. They will require Plaintiff to take discovery, including

perhaps the depositions of the officials at MCC that were allegedly told about Officer Harrell's actions and Officer Harrell.  Thus, to develop certain evidence that will be "major proof presented to the fact finder," Plaintiff will likely "need cross-examination." *Id.* at 61–62.  As an "indigent prisoner," Plaintiff is likely "unable to conduct the investigation," which "militate[s] toward appointing counsel." *Id.*  The claims also appear to require "substantial factual investigation" as they concern conduct that spanned approximately one-year and concern questions of what the Department of Corrections knew at what time. *Id.* at 61 (noting that "these circumstances would militate toward appointing counsel").  In addition, Plaintiff has represented that he has little to no "ability to present [his] case" due to his current incarceration and lack of knowledge of the relevant law. *Id.* at 62.  For the foregoing reasons, the Clerk of Court is respectfully directed to attempt to locate pro bono counsel to represent Plaintiff in all aspects of this action in the district court, including settlement, discovery, dispositive motion practice, and at trial (if the case gets that far).  If located, counsel will file a Notice of Appearance as Pro Bono Counsel.

Under the Court's Standing Order regarding the Creation and Administration of the Pro Bono Fund (16-MC-0078), pro bono counsel may apply to the Court for reimbursement of Certain out-of-pocket expenses spent in furtherance of plaintiff's case.  The Pro Bono Fund is especially intended for attorneys for whom pro bono service is a financial hardship.  *See* https://nysd.uscourts.gov/forms/pro-bono-fund-order.

The Court advises Plaintiff that there are no funds to retain counsel in civil cases and the Court relies on volunteers.  Due to a scarcity of volunteer attorneys, a lengthy period of time may pass before counsel volunteers to represent Plaintiff.  If an attorney volunteers, the attorney will contact Plaintiff directly to determine if each party (Plaintiff and counsel) desire to go forward with the representation.  There is no requirement on the part of Plaintiff to retain the counsel who has volunteered.  By the same token, however, there is no guarantee that a volunteer attorney will decide to take the case even if an attorney agrees to contact Plaintiff for the purpose of discussing potential representation.  Nor is there any assurance that if any attorney volunteers to take on the matter and Plaintiff chooses not to accept representation by that attorney that another attorney will step forward.  For those reasons, unless and until counsel files a notice of appearance, Plaintiff should be prepared to proceed with the case without an attorney.

SO ORDERED.

Dated: January 18, 2023
New York, New York

_____
LEWIS J. LIMAN
United States District Judge