```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
SCHOEN LABOMBARD,                                                :
                                                                 :
                              Plaintiff,                         :
                                                                 :         22-cv-02196 (LJL)
            -v-                                                  :
                                                                 :         MEMORANDUM &
CITY OF NEW YORK, et al.,                                        :         ORDER
                                                                 :
                              Defendants.                        :
                                                                 :
-----------------------------------------------------------------X
```

LEWIS J. LIMAN, United States District Judge:

On May 12, 2023, counsel for Plaintiff wrote to the Court to request that the City of New York ("City") provide the Court with information from the New York Employees' Retirement System ("NYCERS") about the most recent addresses for the two individual defendants, Sherma Dunbar and Brian Harrell, and permit Plaintiff to serve them within two weeks of that disclosure. Dkt. No. 53. This request is denied.

First, Plaintiff argues that the City of New York was required to provide address information from NYCERS pursuant to this Court's *Valentin* Order. Dkt. No. 53 at 1. On January 18, 2023, the Court issued a *Valentin* Order directing the City to provide addresses at which the individual defendants could be served. Dkt. No. 31. The City fully complied with that Order. The City notified the Court and Plaintiff that both of the individual defendants had left the N.Y.C. Department of Correction ("DOC") and provided the last known addresses for the defendants according to DOC files. Dkt. No. 39. The City provided additional address information to Plaintiff on April 19, 2023. Dkt. No. 55. Although Plaintiff was ultimately unable to serve the individual defendants at the addresses provided, the City fully complied with the Court's order by providing the address information that was available to it.

That the City did not reach out to NYCERS for the individual defendants' address information does not, contrary to Plaintiff's contention, establish that the City failed to comply with the *Valentin* order. The City represents that NYCERS is a corporation distinct from the City and NYCERS's privacy policy states that it will provide no information to anyone outside of NYCERS without a subpoena. Dkt. No. 57. In other words, based on its representations, the City did not possess or have custody or control over any address information in the possession of NYCERS. It had only the same ability to obtain information from NYCERS that Plaintiff himself has—through a subpoena that, given the stay in place in this case, would have to be issued with Court permission. The *Valentin* order cannot reasonably be read to require the City to do that which it did not have the right to do and that which Plaintiff, without Court permission, could do himself.

The Court also declines to require the City to obtain such information at this stage of the case. Since February 6, 2023, Plaintiff has been represented by counsel and is no longer *pro se*.[1] Since that date, Plaintiff has had the ability to seek address information from NYCERS. Plaintiff's counsel, like the City's counsel, could have sought such information through a subpoena. It did not do so and, in fact, waited until after the deadline by which this Court ordered Plaintiff to serve the individual to reach out to the Court about obtaining address information from NYCERS.[2] Moreover, as the Federal Rules make clear, "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." Fed. R. Civ. P. 4(c)(1). And, while "[d]istrict courts have a responsibility to assist pro se

---

[1] The Court granted Plaintiff's request for pro bono counsel on January 18, 2023. Dkt. No. 33. Pro bono counsel appeared in the action on February 6, 2023. Dkt. No. 38.
[2] In the Court's *Valentin* Order, the Court directed Plaintiff to serve the additional defendants by April 24, 2023. Dkt. No. 31.

plaintiffs in their efforts to serve process on defendants," they have no special responsibility to assist represented plaintiffs in such efforts. *Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010); *see DaCosta v. City of New York*, 296 F. Supp. 3d 569, 598–99 (E.D.N.Y. 2017) ("So-called 'Valentin Orders'—where a district court orders an agency defendant to identify John Doe defendants based on information provided by the plaintiff—have also been largely confined to cases where the plaintiff is representing herself.").

Plaintiff also appears to argue that the New York City Law Department should have accepted service on behalf of defendant Dunbar as they are already representing her in other lawsuits. Plaintiff's argument is not persuasive. The issue is squarely governed by Federal Rule of Civil Procedure 4. Although a party may be served by delivering a copy of the summons and of the complaint to an agent of that party, "Plaintiff must show that the agent is 'agent authorized by appointment or by law to receive service of process.'" *Convergen Energy LLC v. Brooks*, 2020 WL 4038353, at *7 (S.D.N.Y. July 17, 2020) (quoting Fed. R. Civ. P. 4(e)(2)(C)). "An authorized agent is one with 'actual authority' to accept service of process." *Ferrier v. Atria*, 2015 WL 13986116, at *2 (S.D.N.Y. Dec. 14, 2015) (quoting *Stone v. Bank of Commerce*, 174 U.S. 412, 421 (1899)). "[A]n attorney, solely by reason of his capacity as an attorney, does not thereby become his client's agent authorized by appointment . . . to receive service of process . . . . What is necessary is that it appear that the attorney was authorized, either expressly or impliedly, to receive service of process for his client." *Mintz & Gold LLP v. Daibes*, 2015 WL 2130935, at *5 (S.D.N.Y. May 6, 2015), *aff'd*, 643 F. App'x 35 (2d Cir. 2016) (cleaned up).

Here, there is no evidence that Dunbar gave the New York City Law Department authority to accept service on her behalf. And, fact that the New York City Law Department may routinely represent Dunbar does not suffice to make service on the Law Department on

behalf of Dunbar proper. *See Prado v. City of New York*, 2015 WL 5190427, at *2 (S.D.N.Y. Sept. 3, 2015). An individual may elect to be represented by counsel in one or several matters without foregoing her right to have service effected on her personally on all other subsequent matters. The Court thus rejects Plaintiff's argument that service on the New York City Law Department should suffice for purposes of its obligation under Rule 4.

The Court shall address the question whether the complaint should be dismissed without prejudice against the individual defendants for failure to make timely service under Rule 4(m) at the conference on June 8, 2023.[3]

SO ORDERED.

Dated: June 6, 2023
       New York, New York

LEWIS J. LIMAN
United States District Judge

---

[3] Plaintiff mistakenly states that the time to serve the defendants has not elapsed as Plaintiff has 90 days from the date that the amended complaint was filed, not the initial complaint. Dkt. No. 56. "The filing of an amended complaint, however, does not restart the [] period for service under Rule 4(m)." *Sikhs for Just. v. Nath*, 893 F. Supp. 2d 598, 607 (S.D.N.Y. 2012) (collecting cases); *see Allore v. Specialized Loan Servicing, LLC*, 2018 WL 2048368, at *2 (E.D.N.Y. May 1, 2018).